# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-20935
Summary Calendar

MICHAEL LANE

Plaintiff-Appellant

v.

HARRIS COUNTY MEDICAL DEPARTMENT; MICHAEL SEAL;
TRONG, DR

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-875

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Michael Lane, Texas prisoner #1238595, appeals from the district court's grant of summary judgment. 42 U.S.C. § 1983; FED. R. CIV. P. 12(b)(6), 56. In addition to arguing the merits of his claims, Lane argues that the district court erred in dismissing his claims for failure to exhaust administrative remedies.

We review the grant of summary judgment de novo. Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1401 (5th Cir. 1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lane was required under 42 U.S.C. § 1997e(a) to exhaust administrative remedies before filing suit. See § 1997e(a); Jones v. Bock, 127 S. Ct. 910, 914 (2007); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules. Woodford v. Ngo, 126 S. Ct. 2378, 2385-88 (2006). Viewing the evidence in the light most favorable to Lane, the summary judgment evidence reveals no genuine issue of material fact on the issue whether Lane failed to complete the required steps of the Harris County Jail grievance procedure because he failed to appeal the denial of his May 11, 2004, grievance. Because Lane failed to complete the administrative review process, the district court did not err in dismissing Lane's suit on the ground that Lane failed to exhaust administrative remedies. See Jones, 127 S. Ct. at 922-23.

Lane argues that the district court erred in denying his motion to amend his complaint and in denying his motion for the appointment of counsel. The district court did not abuse its discretion in denying amendment of the complaint because even as amended, the complaint would be subject to dismissal for failure to exhaust administrative remedies. See Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 667 (5th Cir. 1981). The district court further did not abuse its discretion in denying Lane's motion for the appointment of counsel. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED.